United States District Court
Southern District of Texas

**ENTERED**

December 12, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LATASHA WHITING, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05383 |
| | § | |
| NEWREZ, | § | |
| | § | |
| *Defendant.* | § | |

### ORDER

Pending before this Court is Plaintiff Latasha Whiting's ("Plaintiff" or "Whiting") Emergency Motion for Temporary Restraining Order (Doc. Nos. 8, 14) and Defendant NewRez d/b/a PHH Mortgage Corporation's ("Defendant" or "NewRez") Motion to Dismiss (Doc. No. 12). After NewRez removed this case from Texas state court, Plaintiff filed this Motion for Temporary Restraining Order to seek an order from this Court to stay the execution of a state court writ of possession. Defendant filed its Motion to Dismiss in response to address the sufficiency of her Complaint and her request for injunctive relief. Plaintiff filed a response to the Motion to Dismiss. (Doc. No. 13). Upon a close review of pleadings and relevant legal standards, this Court denies Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 8) and conditionally grants Defendant's Motion to Dismiss (Doc. No. 12).

### I.      Factual Background

This case arises from a dispute over a foreclosure proceeding in Houston, Texas. (Doc. No. 8). On September 27, 2005, Plaintiff Latasha Rose and her husband, Eldraco Rose, executed a Deed of Trust for the subject property with New Century Mortgage Corporation.

(Doc. No. 12-1 at 2). The Deed of Trust named Eldon L. Youngblood as the Trustee. (*Id.* at

3). The Deed of Trust was later transferred to U.S. Bank National Association ("U.S. Bank").

(Doc. No. 12-3 at 2). On November 1, 2010, U.S. Bank executed an Appointment of Substitute

Trustee. (Doc. No. 12-2 at 2). This Appointment replaced the original Trustee on the Deed of

Trust, Eldon L. Youngblood, with a list of Substitute Trustees: Jerel Twyman, Michael Zientz,

Wes Webb, Jelena Kovacevic, John Lynch, and Emily Stroope. (*Id.*).

On August 8, 2012, Eldraco Rose conveyed his interest in the subject property to

Latasha A. Rose by Special Warranty Deed. (Doc. No. 8 at 23). After a subsequent marriage

in 2016, Plaintiff changed her name to Latasha Whiting. (*Id.*). Plaintiff did not file any record

in the chain of title to reflect the change of her last name. *See generally* (*id.*).

On May 29, 2025, U.S. Bank's Mortgage Servicer, PHH Mortgage Corporation, issued

a Notice of Substitute Trustee Sale. (Doc. No. 12-4 at 4). This Notice was addressed to the

Plaintiff and included the date, time, and place of the sale. (*Id.*). The Notice was also filed with

the Harris County Clerk. (*Id.*). After the Notice was sent, the Substitute Trustee Sale took place

on August 5, 2025. (*Id.* at 2). The Substitute Trustee's Deed was recorded and noted that Buyer

Deru Qin purchased the property for $267,000.00. (*Id.*). The Deed was signed by Michael

Zientz—one of the Substitute Trustees listed in the 2010 Appointment. (*Id.*; Doc. No. 12-2 at

2). On August 7, 2025, the Trustee Sale Assistant executed an Affidavit of Notice to the

Debtors. (Doc. No. 12-4 at 7). The Affidavit stated that the Notice of Trustee's Sale was served

upon all debtors at their last known address by certified mail. (*Id.*).

Two months later, Plaintiff filed her Original Petition in Texas state court. (Doc. No.

1-1). On November 11, 2025, NewRez removed the case this Court. (*Id.*). Plaintiff filed a First

2

Amended Complaint in this Court on November 18, 2025. (Doc. No. 8). Though not filed using the normal procedures in this Court, for the purposes of this Motion, the Court accepts this First Amended Complaint as the live Complaint in this civil action. Plaintiff has asserted four separate causes of action for (1) a declaratory judgment / quiet title, (2) void foreclosure / wrongful foreclosure, (3) fraud and misrepresentation, and (4) violations of the Texas Property Code and Fair Debt Collection Practices Act. (*Id.*). Plaintiff also requests injunctive relief, including through this Motion for Temporary Restraining Order. (*Id.*).

## II.    Legal Standards

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept

factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.    Analysis

Given that the Motion to Dismiss analysis largely overlaps with Plaintiff's Motion for Temporary Restraining Order, the Court begins with an analysis of the Defendant's Motion to Dismiss. The Court separately addresses each of Plaintiff's causes of action and conditionally grants the Defendant's Motion. The Court then addresses Plaintiff's request for injunction relief in her Complaint and in her Motion for Temporary Restraining Order.

#### A. Wrongful Foreclosure

Plaintiff alleges that Defendant wrongfully foreclosed on the subject property. In her Complaint, Plaintiff claims that "Defendant, acting through its agents, foreclosed without legal authority, failed to record a valid substitute-trustee appointment, and misidentified the grantors on the deed." To state a claim for wrongful foreclosure, a Plaintiff must allege that there is (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (applying Texas law). The Court finds that Plaintiff has not sufficiently pleaded facts to support any of these elements.

First, Plaintiff has insufficiently pleaded that there was a defect in the foreclosure sale proceedings. Foreclosure defects can be identified by reviewing the relevant portions of the Texas Property Code. While Plaintiff alleges that Defendant "failed to record a valid

4

substitute-trustee appointment," the Plaintiff fails to plead adequate facts to demonstrate that any such appointment was a defect or a violation of the Texas Property Code. Texas Property Code § 51.0075 permits a mortgagee to appoint one or most substitute trustees. TEX. PROP. CODE § 51.0075. The Code permits any substitute trustee to conduct a foreclosure sale. *Id.* Defendant attached the Appointment of Substitute Trustee to its Motion to Dismiss. (Doc. No. 12-2 at 2). U.S. Bank appointed Michael Zientz as a Substitute Trustee, and he later conducted the foreclosure sale. (*Id.*). Without factual pleadings that show the Defendant's appointment of the substitute trustee was defective, Plaintiff proceed on the claim for wrongful foreclosure.

Further, Plaintiff does not plead any facts in her First Amended Complaint to support the second or third required elements of this cause of action. Plaintiff must plead sufficient facts to demonstrate that "a grossly inadequate selling price" and that there is "a causal connection between the defect and the grossly inadequate selling price." In other words, mere defect in the foreclosure proceeding—if any—is insufficient to plead a wrongful foreclosure cause of action. I, 722 F.3d at 256. Accepting all well-pleaded facts in the complaint as true and viewing them in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has failed to state a claim for wrongful foreclosure.

### B. Fraud and Misrepresentation

Plaintiff alleges that Defendant committed fraud by "record[ing] and rel[ying] upon documents they knew or should have known were false or misleading as to the trustee's authority and chain of title." (Doc. No. 8). Federal Rule of Civil Procedure Rule 9(b) requires a plaintiff to satisfy a heightened pleading standard to state a claim for fraud. FED. R. CIV. P. 9(b). To satisfy this heightened pleading standard, a plaintiff must set forth "the who, what,

when, where, and how" of the alleged fraud. *U.S. v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Plaintiff only states a single sentence to support this cause of action. (Doc. No. 8 at 6) ("Defendant and/or its agents recorded and relied upon documents they knew or should have known were false or misleading as to the trustee's authority and chain of title."). The Court finds that this statement falls well short of this pleading standard, especially considering the Appointment of Substitute Trustee document (Doc. No. 12-2). Plaintiff has failed to plead who made such misrepresentations, when or where such misrepresentations occurred, or how those statements were, in fact, misrepresentations. Without these pleaded facts, the Court finds that Plaintiff has failed to state a claim for fraud and misrepresentation.

### C. Violations of the Texas Property Code or the Fair Debt Collection Practice Act

Plaintiff also alleges that Defendant violated the Texas Property Code by "proceeding with foreclosure without proper authority or notice of default and sale." Plaintiff does not plead any facts to support her claim. Though Plaintiff makes conclusory statements that Defendant violated the Texas Property Code, Plaintiff does not state which portions of the Code that Defendant allegedly violated or any facts to support any such violation. Moreover, the existence of a foreclosure deed is considered *prima facie* evidence of the validity of the foreclosure sale. *Clark v. F.D.I.C.*, 849 F.Supp.2d 736, 759 (S.D. Tex. Jul. 6, 2011). In this case, the Substitute Trustee's Deed (Doc. No. 12-4 at 2) is facially valid. The Deed contains a sworn statement that the foreclosure sale complied with the Texas Property Code. (*Id.*). Additionally, the Affidavit of Notice to Debtors contains sworn statements that the debtors were served in accordance with the requirements in the Texas Property Code. (*Id.* at 7).

6

Accepting all well-pleaded facts in the complaint as true and viewing them in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has failed to state a claim for violations of the Texas Property Code.

In the same cause of action, Plaintiff alleges that the Defendant violated the Fair Debt Collection Practice Act "if applicable." Plaintiff pleads no additional facts to support this claim, nor does she provide any specific provision of the Act that Defendant allegedly violated. Without a clear statement to support her requested relief, this separate cause of action also fails to state a claim for the same reasons above.

### D. Declaratory Judgment

Plaintiff also requests this Court to declare that the foreclosure sale and Substitute Trustee's Deed are void "because the sale was conducted under the name of a deceased trustee and without lawful written substitution as required by TEX. PROP. CODE §§ 51.0075–76." (Doc. No. 8). She also requests that this Court quiet title in her name. (*Id.*). Under the Declaratory Judgment Act, any federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. This Act is "procedural only, not substantive, and hence the relevant cause of action must arise under some other federal law." *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). When underlying causes of action are dismissed, the request for a declaratory judgment must also be dismissed. *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App's 233, 243 (5th Cir. 2014); *Nguyen v. JPMorgan Chase Bank, N.A.*, 2020 WL 13430253, at *2 (S.D. Tex. Oct. 8, 2020) ("[I]t is appropriate to dismiss declaratory judgment claims where the movant has no other viable substantive claims."). As discussed above, Plaintiff has failed to sufficiently state a claim for

any of her causes of action. Accordingly, this Court holds that she has failed to support her request for a declaratory injunction.

### E.  Injunctive Relief and Motion for Temporary Restraining Order

In addition to the individual causes of action, Plaintiff submitted an application for a temporary restraining order and a temporary injunction along with her Complaint. (Doc. No. 8). Plaintiff also filed a Motion for Temporary Restraining Order. (*Id.*). The Court addresses these requests together.

A court may grant a temporary restraining order or preliminary injunction only if the movant shows: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issues, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Jones v. Tex. Dep't of Crim. Just.*, 880 F.3d 756, 759 (5th Cir. 2018). Nevertheless, under Texas law, "a request for injunctive relief is not itself a cause of action but depending on an underlying cause of action." *McKinney v. Wells Fargo Bank, N.A.*, 2019 WL 3305607 at *2 (W.D. Tex. July 23, 2019). Without any evidence to support the causes of action in her First Amended Complaint or in her Motion for Temporary Restraining Order, the application for a temporary restraining order or temporary injunction must be denied as there does not appear to be a likelihood of success on the merits of any claim.

In conclusion, the Court finds that Plaintiff has failed to state a claim for any of her independent causes of action under Federal Rule of Civil Procedure 12(b)(6). Accordingly, Plaintiff failed to establish that she is entitled to injunctive relief because she has not shown

that she has any likelihood of success on the merits. Nevertheless, the Court only conditionally grants Defendant's Motion to Dismiss. The Court will permit Plaintiff, if she so chooses, to file a Second Amended Complaint.

## IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order (Doc. Nos. 8, 14) is **DENIED.** Defendant's Motion to Dismiss (Doc. No. 12) is conditionally **GRANTED**. All other pending motions are denied as moot. The Plaintiff is given sixty days to file a Second Amended Complaint. If no amended complaint is filed, the Court will dismiss this case. If one is timely filed, Defendant will have twenty-one days to respond to that amended complaint.

It is so ordered.

Signed on this the 12ᵗʰ day of December 2025.

_____

Andrew S. Hanen
United States District Judge