United States District Court
Southern District of Texas
**ENTERED**
May 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LATASHA WHITING, *Plaintiff,* | § § § § § § § § § § § § § § | |
| V. | | CIVIL ACTION NO. 4:25-CV-5383 |
| NEWREZ, LLC D/B/A PHH MORTGATE CORPORATION, *Defendant.* | | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss.[1]  ECF 23.  Also before

the Court are Plaintiff's Motion to Join (ECF 33) and Plaintiff's various requests for

temporary restraining orders, preliminary injunctions, and other forms of equitable

relief.  ECF 24; ECF 26; ECF 28; ECF 37; ECF 42; ECF 46.  For the reasons

discussed below, the Court RECOMMENDS Defendant's Motion (ECF 23) be

GRANTED and Plaintiff's claims be DISMISSED WITH PREJUDICE; Plaintiff's

Motion to Join (ECF 33) be DENIED; and Plaintiff's other Motions for equitable

relief (ECF 24; ECF 26; ECF 28; ECF 37; ECF 42; ECF 46) be DENIED.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 45.

## I.      Factual and Procedural Background.

This case arises out of a dispute over the foreclosure of a property located at 16506 Bluff Springs Drive, Houston, Texas (the "Property"). In 2005, Plaintiff Latasha Whiting (formerly known as Latasha Rose) and her then husband, Eldraco Rose, obtained a $157,600 loan secured by a Deed of Trust granting New Century Mortgage Corporation ("New Century") an interest in the Property. ECF 18 at 14; ECF 25-2 at 28-43 (attaching the Deed of Trust in Plaintiff's Response to the Motion to Dismiss). The Deed of Trust named Eldon L. Youngblood as trustee. *Id.* In 2007, New Century assigned its interest in the Deed of Trust to U.S. Bank National Association as trustee for the 2006 Asset-Backed Securities Corporation Home Equity Loan Trust, Series NC 200641E2 Asset-Backed Pass-Through Certificates, Series 206-HE2 (the "Trust"). ECF 23-3.[2] In 2012, Eldraco conveyed his interest in the Property to Plaintiff. ECF 18 at 14-15. In 2020, the Trust, appointed Michael Zientz and others as substitute trustees for the Deed of Trust. ECF 23-2.[3]

---

[2] Defendant attached the recorded assignment to its Motion to Dismiss (ECF 23-3), but Plaintiff also attached several documents to her Second Amended Complaint that acknowledge and reference the assignment (i.e., that the Trust became the mortgagee). *See, e.g.*, ECF 18 at 94. The Court takes judicial notice of the assignment document, which was recorded on October 12, 2011 in the Official Public Records of Harris County, Texas as Instrument No. 20110429806. *See* FED. R. EVID. 201; *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (holding that court properly took judicial notice of publicly available documents in deciding Rule 12(b)(6) motion without converting to a motion for summary judgment).

[3] As explained in note 2, *supra*, the Court takes judicial notice of the substitute trustee document attached to Defendant's Response, which was recorded on November 15, 2010 in the Official Public Records of Harris County, Texas as Instrument No. 20100488197. *See* FED. R. EVID. 201. Plaintiff also references this document in her Complaint. ECF 18 at 3-4.

On May 28, 2025, Defendant PHH Mortgage Corporation, the mortgage servicer, noticed a foreclosure sale. ECF 18 at 27-29. The notice explained that a substitute trustee sale would be conducted at 10:00 AM on August 5, 2025 at 9401 Knight Road, Houston, Texas. *Id.* At the sale, Deru Qin purchased the Property for $267,000. *Id.* at 31-32. Later, a Substitute Trustee's Deed signed by Michael Zientz and an Affidavit of Notice to Debtors and Military Status were recorded with Harris County. *Id.* at 31-37.

Plaintiff originally filed her suit in Texas state court in October 2025. ECF 1-1 at 8-11. Plaintiff then amended her state court petition. *Id.* at 39-41. On November 11, 2025, Defendant removed this action to federal court on the basis of diversity jurisdiction. ECF 1 at 2. Plaintiff then filed a First Amended Complaint, which brought claims for wrongful foreclosure, fraud, violations of Texas Property Code and the Fair Debt Collection Practices Act, quiet title, declaratory judgment, and injunctive relief. ECF 8 at 6-7. Defendant responded by filing a Motion to Dismiss for failure to state a claim. ECF 12. District Judge Hanen, then presiding over the case, granted Defendant's Motion but allowed Plaintiff leave to amend. ECF 16.

Plaintiff filed her Second Amended Complaint, her operative pleading, on December 15, 2025. ECF 18. Defendant filed a second Motion to Dismiss (ECF 23), to which Plaintiff responded. ECF 25. Plaintiff also filed a Motion to Supplement her Response, which the Court ordered stricken for failure to comply

3

with the Local Rules.  ECF 27; ECF 48.  The Motion to Dismiss is ripe for adjudication.

## II.    Legal Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, under Rule 12(b)(6) the court may take judicial notice of public documents and may also consider documents

4

a defendant attaches to its motion to dismiss if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

## III.   Analysis.

Plaintiff's Second Amended Complaint brings claims for wrongful foreclosure, violation of the Texas Property Code, violation of the Texas Debt Collection Act, violation of the Fair Debt Collection Practices Act, quiet title, declaratory judgment, and injunctive relief.  ECF 18 at 7-8.

Plaintiff, who proceeds pro se, also alleges a grab bag of theories that, liberally construed, claim the foreclosure was either void or voidable.  Some of the theories are incorporated into Plaintiff's causes of action, but others are not linked to a particular claim.  The Court first addresses Plaintiff's theories that the foreclosure was void or voidable and then analyzes her specific claims.

### A.   Plaintiff's theories asserting the foreclosure is void fail as a matter of law.

#### 1.   Plaintiff has not alleged an SCRA violation.

The Servicemembers Civil Relief Act ("SCRA") provides "temporary suspension of judicial and administrative proceedings . . . that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902.

The SCRA requires a plaintiff moving for default judgment to file an affidavit stating whether the defendant is in military service. 50 U.S.C. § 3931. The SCRA also prohibits non-judicial foreclosure of a servicemember's property "during, or within one year after, the period of the servicemember's military service." 50 U.S.C. § 3953.

Plaintiff alleges that Defendant violated the SCRA because the recorded Affidavit of Military Service (ECF 18 at 42) was signed two days after the foreclosure sale and misidentified her. ECF 18 at 4. Plaintiff alleges that this purported violation renders the sale void. *Id.*

The substitute trustee executed and recorded an Affidavit of Military Service stating that "the owners of the property" were not in military service within 12 months of the date of sale. ECF 18 at 42. This Affidavit, intended to shield against SCRA foreclosure liability, does not misidentify Plaintiff—she was at the time the owner of the Property. Plaintiff's timing argument, which conflates the SCRA's default judgment and foreclosure protections, is irrelevant because the SCRA only requires affidavits in cases of default judgment, not non-judicial foreclosures. Further, assuming *arguendo* there was a defect in the affidavit, Plaintiff would still fail to state a claim because she has not pleaded she was in military service within a year of the foreclosure sale, so the Act's foreclosure protections are not applicable. *See Molinar-Owens v. Fifth Third Mortg. Co.*, No. 5:20-CV-00751, 2022 WL

6

286909, at *4 n.6 (W.D. Tex. Jan. 31, 2022) (explaining that a defect in a similar affidavit of military service included in a foreclosure sale deed did not affect the validity of the sale because plaintiff was not in military service during the relevant period).

### 2.   As a matter of law, Plaintiff cannot show Defendant lacked the authority to foreclose.

Plaintiff also alleges the foreclosure sale is void because Defendant lacked standing or authority to foreclose.   Plaintiff alleges that the Trust previously foreclosed on the Property in 2015 and purchased the Property at the sale.   ECF 18 at 5-6, 90-96 (attaching the foreclosure sale deed, recorded February 18, 2015). Plaintiff claims this 2015 foreclosure deed was never rescinded. *Id.* at 6.   Essentially, Plaintiff argues the Trust lacked standing or authority to foreclose in 2025 because the prior foreclosure sale created a break in the chain of title and extinguished the Deed of Trust.[4]

Even taking the allegations as true, the pleaded facts do not invalidate the original assignment of the Deed of Trust or Defendant's rights under it at the time of the 2025 foreclosure. *See id.* (explaining that the authority/standing to foreclose argument failed because there was no doubt as to the validity of the assignment).

---

[4] Courts are not receptive to these standing-to-foreclose arguments. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252–53 (5th Cir. 2013) (describing a foreclosure standing argument as incoherently conflating ownership of a note with constitutional standing).

Plaintiff asserts U.S. Bank, as trustee for the Trust, foreclosed on and then purchased the Property in 2015, thereby extinguishing the Deed of Trust.  Yet Plaintiff has continued to live in the Property for around a decade.  She claims title to the Property (ECF 18 at 9) despite her contrary assertion that the Trust purchased it in 2015.  However, the Trust, through U.S. Bank, cancelled the 2015 foreclosure and returned the Property to Plaintiff as evidenced by the publicly recorded cancelation and recission of the 2015 foreclosure sale deed recorded on November 12, 2015, in the Official Public Records of Harris County, Texas as Instrument No. 20150514863.  The Court takes judicial notice of this public document.  The cancellation and recission of the foreclosure sale re-conveyed the Property to Plaintiff *subject to* the debt owed on the Note and security interest securing it (i.e., the Deed of Trust).  Therefore, Plaintiff's argument that the 2015 sale extinguished the Deed of Trust is patently belied by documents in the public record.  Her claim that the 2025 foreclosure was void due to the 2015 foreclosure should be dismissed.

**B.    As a matter of law, Plaintiff cannot state a claim for wrongful foreclosure.**

Under Texas law, the elements of a wrongful foreclosure claim are: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008) (no pet.).

      **1.    Plaintiff fails to plead a defect in the foreclosure sale proceedings.**

To properly effect foreclosure per the Texas Property Code, a mortgage servicer must provide the debtor with notice of the default and the right to cure at least 20 days before noticing the sale of the property. TEX. PROP. CODE § 51.002(d). At least 21 days before the sale, notice of the sale must be posted at the courthouse, filed with the county clerk, and served upon "the debtor, who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE § 51.002(b). Service is completed when "the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e). The Code also provides requirements for conducting the sale. TEX. PROP. CODE § 51.002(a).

Plaintiff alleges two defects in the foreclosure sale. ECF 18 at 7. First, Plaintiff claims that the notices misidentify her. *Id.* at 4. Second, Plaintiff alleges the foreclosure documents rely on the authority of a deceased trustee. *Id.* at 4-5.

      **a. The pleaded facts fail to demonstrate a defect with the notice.**

Plaintiff alleges that Defendant issued notice of default, notice of sale, and other foreclosure documents incorrectly identifying her as Latasha Rose. ECF 18 at 3. Although identified in the the Deed of Trust as Latasha Rose, Plaintiff claims she remarried in 2016 and legally changed her name to Latasha Whiting. ECF 18 at 3, 16-17. Thus, at the time of foreclosure, her legal name was Latasha Whiting. *See,*

*e.g.*, *id.* at 17.  Plaintiff does not allege that any of the notices were untimely or that she did not receive them.

Plaintiff's defect argument fails because she concedes in the Second Amended Complaint that she received the notices.  *Id.* at 3 ("Defendant issued notices . . . identifying borrower as Latasha Rose"), 24-29 (attaching as exhibits the notices bearing Plaintiff's correct address but naming her as Latasha Rose).  The notice's use of her name as it appears in the Deed of Trust does not make the notice defective. For example, in *Martinez v. Beasley*, a married couple, both of whom were obligors on the debt in question, challenged the adequacy of a notice of foreclosure.  *Martinez v. Beasley*, 616 S.W.2d 689, 690 (Tex. Civ. App.—Corpus Christi 1981) (no writ). A single notice was mailed to the correct address but to "Mr. & Mrs. Joe Martinez," and plaintiffs argued that each debtor should have had a separate, individually addressed letter.  *Id.*  The appeals court rejected the argument because plaintiffs did not argue any other defect, such as a lack of notice.  *Id.*  The same principle applies here: Plaintiff received a properly addressed letter that used her legal name at the time she executed the Deed of Trust.  The use of the name under which she signed the Deed of Trust does not create a defect with various recorded notices or documents.  Those documents (e.g., the notice of sale, substitute trustees deed) specifically use the name Latasha A. Rose to identify the grantor on the Deed of Trust because that was the name Plaintiff used at the time.  ECF 18 at 31-35.

**b. The pleaded facts fail to demonstrate a defect with the trustee.**

The foreclosure documents identify Eldon L. Youngblood as trustee even though Youngblood was deceased at the time of foreclosure. ECF 18 at 3-4. Plaintiff acknowledges Defendant appointed a substitute trustee, but she complains Youngblood's name on the recorded documents renders them void because a deceased trustee lacks legal capacity. *Id.*

Plaintiff misreads the foreclosure sale deed she attached to her Second Amended Complaint. ECF 18 at 31-32. The deed states:

> By Deed of Trust, Grantor conveyed to ELDON L. YOUNGBLOOD, ESQ, as Trustee, certain property for the purpose of securing and enforcing payment of the indebtedness and obligations therein described, including but not limited to the Note and all renewals and extensions of the note. AVT TITLE SERVICES, LLC was appointed Substitute Trustee per the terms of the Deed of Trust . . . and was requested to enforce the trust . . . of the Deed of Trust.

ECF 18 at 31. Youngblood is mentioned in reference to the original Deed of Trust conveyance. The document, attached to the Second Amended Complaint, indicates that Michael Zientz, agent for AVT Title Services LLC, acted as the trustee and that he was substituted according to the Deed of Trust Texas law. *Id.* at 31-32. *See also* TEX. PROP. CODE § 51.0075 (providing that a mortgage servicer may appoint a substitute trustee). Taking Plaintiff's allegations as true in conjunction with the exhibits attached to her Second Amended Complaint, Plaintiff still fails to plead a defect based on the trustee's authority.

**2.    Plaintiff failed to plead any facts demonstrating an inadequate sales price or causal connection between the price and alleged defect.**

Plaintiff failed to plead any facts to support the second and third elements of a wrongful foreclosure claim: that the foreclosure sale price was grossly inadequate and a causal link between the price and the defect. *Sauceda*, 268 S.W.3d at 139. *See also Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975) (explaining the defect must have caused or contributed to the grossly inadequate price).

Liberally construing all of Plaintiff's allegations and taking them as true, along with the documents attached to her Second Amended Complaint, Plaintiff has failed to show the price was grossly inadequate. "The weight of Texas authority rejects a determination of gross inadequacy where, as here, property sells for over 60% of fair market value." *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990). *See also Bob v. Deutsche Bank Nat'l Tr. Co.*, No. H-24-4642, 2026 WL 757173, at *6 (S.D. Tex. Feb. 19, 2026) (explaining that there is no brightline rule, but that grossly inadequate has been found to be as low as 0.007 percent and as high as 44.23 percent of market value), *report and recommendation adopted,* No. 4:24-CV-04642, 2026 WL 755694 (S.D. Tex. Mar. 17, 2026). Plaintiff's Second Amended Complaint attached a 2025 Harris County tax assessment indicating the market value of the Property was $356,786. ECF 18 at 112. The substitute trustee's

12

deed shows the property sold at the foreclosure sale for $267,000, or approximately 75 percent of its market value. Therefore, as a matter of law Plaintiff has failed to plead a wrongful foreclosure claim.

**C.    Plaintiff has failed to state a claim for violation of the Texas Property Code.**

Plaintiff alleges the Defendant violated Texas Property Code section 51.002 by failing to comply with the notice requirements for sale of real property under a contract lien. ECF 18 at 7; TEX. PROP. CODE § 51.002. Plaintiff fails to identify specific facts to support this cause of action, but rather repeats the same notice argument discussed above in the context of the wrongful foreclosure claim.

As discussed above, the use of Plaintiff's legal name at the time she executed the Deed of Trust does not violate section 51.002. Section 51.002 requires the mortgagee to provide notice of default and a chance to cure 20 days before noticing a foreclosure sale and that 21 days before the sale, notice of the sale be: posted at the court, filed with the county clerk, and mailed to the debtor. TEX. PROP. CODE § 51.002. Attachments to Plaintiff's Second Amended Complaint demonstrate that Defendant issued notice of default as early as August 20, 2024. Defendant filed a notice of sale with the county clerk on May 29, 2025 and then mailed Plaintiff a copy of the notice of sale and a notice of acceleration on June 3, 2025. ECF 18 at 31-37. Plaintiff also attached Defendant's recorded Affidavit of Notice to Debtors, which claims that the notice was posted at the courthouse at least 21 days before the sale.

13

ECF 18 at 36. *See also Clark v. F.D.I.C.*, 849 F. Supp. 2d 736, 759–60 (S.D. Tex. 2011) (explaining recitals and affidavits in a substitute trustee's deed are prima facie evidence of validity of the foreclosure sale). Therefore, the alleged facts demonstrate compliance with the Texas Property Code instead of a violation.

### D. Plaintiff fails to allege a TDCA claim.

"The purpose of the [Texas Debt Collection Act ("TDCA")] is to prevent debt collectors from using threats, coercion, or other wrongful practices to collect consumer debts." *Williams v. Lakeview Loan Servicing LLC*, 694 F. Supp. 3d 874, 893 (S.D. Tex. 2023). The elements of a TDCA claim are: "(1) the debt is consumer debt; (2) the defendant is a debt collector, as defined by the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act." *Young v. Select Portfolio Servicing, Inc.*, No. 20-11236, 2021 WL 5968662, at *5 n.5 (5th Cir. Dec. 15, 2021).

The TDCA defines a debt collector as anyone who "directly or indirectly engages in debt collection." TEX. FIN. CODE § 392.001(6) (definition of "debt collector"). The TDCA defines "debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5). Mortgage servicers and their assignees are debt collectors under the TDCA. *See Davis v. Wells Fargo Bank, N.*A., 976 F. Supp.

14

2d 870, 885 (S.D. Tex. 2013) (noting the Fifth Circuit has long recognized that mortgage servicers and assignees "'*are* debt collectors, and therefore *are* covered, under the TDCA'" (quoting *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)(emphasis in original)).

Plaintiff alleges that Defendant misrepresented the character, amount, and legal status of the debt and threatened and pursued possession of the Property without lawful authority in violation of: Texas Financial Code §§ 392.301(a)(8) (prohibiting a debt collector from threatening to take an action prohibited by law); 392.303(a)(2) (prohibiting a debt collector from collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless it is expressly authorized by agreement creating the obligation); and 392.304(a)(8) (prohibiting a debt collector from misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding).

Plaintiff fails to plead specific facts demonstrating that Defendant threatened to take an action prohibited by law. TEX. FIN. CODE § 392.301(a)(8). In fact, the Deed of Trust specifically allows Defendant to initiate non-judicial foreclosure, and the TDCA does not prohibit the exercise of a contractual right to seizure, repossession, or sale that does not require court proceedings. ECF 25-2 at 40; TEX. FIN. CODE § 392.301(b)(3).

Similarly, Plaintiff failed to plead any facts indicating that Defendant collected or attempted to collect interest or a fee that was not expressly authorized by the Parties' agreement.  TEX. FIN. CODE § 392.303(a)(2).  The Second Amended Complaint makes no mention whatsoever of fees or interest.

Finally, Plaintiff alleges that Defendant misrepresented the character or status of a consumer debt in a judicial or governmental proceeding by claiming it possessed a valid and enforceable debt "when a prior foreclosure had extinguished the deed of trust and was never rescinded."  ECF 18 at 8.  As the Court noted above, this argument does not challenge Defendant's right to foreclose and is an egregious misrepresentation.  Even if it were true, Plaintiff fails to state a claim because she does not identify a specific misrepresentation or a judicial or government proceeding in which the misrepresentation took place.

### E.   Plaintiff fails to state an FDCPA claim.

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") "to eliminate abusive debt collection practices" and protect consumers.  15 U.S.C. § 1692(e).  The FDCPA prohibits a variety of conduct that Congress deemed abusive and provides civil liability for violations of the Act.  15 U.S.C. § 1692k.  To state a claim under the FDCPA, a plaintiff must allege facts demonstrating: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has

engaged in an act or omission prohibited by the FDCPA." *Woodley v. Resurgent Cap. Servs., L.P.*, No. CV H-24-1587, 2024 WL 2806189, at *2 (S.D. Tex. May 31, 2024) (internal quotation marks and citation omitted). *See also Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995).

Plaintiff alleges Defendant violated sections 1692e and 1692f of the FDCPA, which prohibit false or misleading representations and unfair practices respectively. 15 U.S.C. §§ 1692e, 1692f. Plaintiff's FDCPA allegations are devoid of specific facts, instead claiming that Defendant misrepresented the legal status of the debt "by pursuing enforcement activity without standing following an unrescinded foreclosure."

It is well settled law that mortgage lenders and servicers are not debt collectors within the meaning the FDCPA. *Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x 424, 428 n.1 (5th Cir. 2012) (explaining mortgage lenders are not FDCPA debt collectors); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (explaining servicers are not FDCPA debt collectors). Foreclosing on a property pursuant to a deed of trust is not debt collection activity within the meaning of the FDCPA. *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010). Additionally, Plaintiff fails to plead specific facts demonstrating specific FDCPA violations. The Court has already analyzed and rejected the standing-to-

foreclose argument based on a prior allegedly unrescinded foreclosure.  Therefore, Plaintiff fails to state an FDCPA claim.

### F.    Plaintiff fails to state a claim for quiet title.

"Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014).  "The principal issue in a suit to remove a cloud from a title, or a suit to quiet title, is the existence of a cloud that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009) (pet denied). In such a suit, the plaintiff must prove the superiority of her own claim over the adverse claim. *Id.*

Plaintiff provides no specific allegations but merely makes the conclusory allegation that she has superior title to the Property and Defendant's claims constitute a cloud on title.  ECF 18 at 9.  These conclusory allegations are insufficient.  Plaintiff pleads no facts demonstrating that her title is superior to Defendant's claims, particularly because she failed to state a cognizable claim or plead a defect that challenges Defendant's right to foreclose.  *See Stallings v. CitiMortgage, Inc.*, 611 F. App'x 215, 217 (5th Cir. 2015) (affirming dismissal of

quiet title claim because plaintiff had no independently valid claims against the foreclosure so could not show superior interest in the property).

## G.   Plaintiff's requests for declaratory judgment and injunctive relief should be dismissed.

Plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201) and injunctive relief.  ECF 18 at 8-9.

"Declaratory and injunctive relief are procedural devices only; they fail unless tied to a viable cause of action."  *Zapara v. Citimortgage, Inc.*, No. SA-16-CV-026-XR, 2016 WL 844837, at *3 (W.D. Tex. Mar. 1, 2016).  Because Plaintiff has failed to state a substantive claim upon which relief can be granted, her requests for declaratory and injunctive relief must also be dismissed.  *See Garcia v. Bank of Am., N.A.*, No. 4:14-CV-2160, 2015 WL 12808271, at *5 (S.D. Tex. Mar. 23, 2015) (dismissing injunctive relief because the court dismissed all plaintiff's substantive claims); *Stallings*, 611 F. App'x at 218 (explaining dismissal of declaratory judgment is appropriate when all substantive claims have been dismissed).

## H.   Dismissal with prejudice is appropriate.

Dismissal with prejudice is appropriate when a plaintiff has had an opportunity to state her best case and still cannot establish a cause of action.  *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (affirming dismissal with prejudice where plaintiffs had four chances to amend their complaint).  *See also Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (establishing the best-case

rule and noting that a plaintiff is more likely to have pleaded his best case when he is aware of pleading requirements).

Plaintiff has already amended her complaint three times, once in state court and twice before this Court. ECF 1-1; ECF 8; ECF 18. The Second Amended Complaint was filed after the Court granted Defendant's first motion to dismiss for failure to state a claim. ECF 16. The District Judge's order addressed similar deficiencies with Plaintiff's wrongful foreclosure, Texas Property Code, FDCPA, declaratory judgment, and injunctive relief claims. *Id.* Allowing Plaintiff to amend her complaint yet again is not in the interests of judicial efficiency and would unfairly subject Defendant to further litigation. Plaintiff has had the opportunity to plead her best case, and her claims should be dismissed with prejudice. *See, e.g.*, *Barcenas v. McCraw*, No. 1:22-CV-397-RP, 2024 WL 420157, at *9 (W.D. Tex. Feb. 5, 2024) (dismissing with prejudice where plaintiffs had already amended their complaint three times); *Williams v. X Corp.*, No. 4:25-CV-1084-P, 2026 WL 885208, at *4 (N.D. Tex. Mar. 16, 2026) (dismissing with prejudice where Court gave plaintiff opportunity to amend prior to considering the motion to dismiss), *report and recommendation adopted sub nom. Williams v. X Corp*, No. 4:25-CV-01084-P, 2026 WL 885048 (N.D. Tex. Mar. 31, 2026).

20

**I.     Leave to amend or join Deru Qin should be denied.**

Plaintiff filed a Motion to Join Deru Qin, the purchaser of the Property at the foreclosure sale.  ECF 33.  Defendant filed a Response in opposition to the Motion (ECF 39), to which Plaintiff replied.  ECF 40.  Plaintiff seeks to join Qin as a required party pursuant to Rule 19(a) and requests leave to amend to file a third amended complaint for that purpose.  Plaintiff indicates she does not seek to add new claims.  ECF 33 at 2.

As a preliminary issue, the Motion is subject to being stricken for failure to comply with the Local Rules certificate of conference requirement.  S.D. TEX. LOC. R. 7.1(D); *Young v. City of Coll. Station*, No. CV H-21-2033, 2021 WL 5178707, at *1 (S.D. Tex. Nov. 8, 2021) (denying pro se plaintiff's motion for failure to include a certificate of conference as required by the Local Rules).  Defendant represents Plaintiff did not confer prior to filing the motion.  ECF 39 at 3.

Regardless of the conference issue, leave to amend should be given unless there is a substantial reason to deny it.  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).  "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the

amendment." *Id.*

Even if Qin were a required party, the Court should still deny leave to amend and join Qin.  According to Plaintiff, Qin is a required party because he or she allegedly acquired an interest in the Property at the foreclosure sale that Plaintiff seeks to undo. As the Court explained above, Plaintiff fails to state a substantive claim that calls the foreclosure into question, much less affects Qin's interest as a valid purchaser of the Property.  Merely joining Qin will not change Plaintiff's ability to state a claim.  None of Plaintiff's claims relate to Qin's conduct.  Adding Qin absent a cognizable claim would be futile.  Plaintiff has had multiple opportunities to amend her complaint and cure deficiencies, and the Court noted she has pleaded her best case.  Further amendments would also prejudice Defendant, who should not be required to brief and re-brief the same claims.  Therefore, leave to amend and join Qin should be denied.

### J.    Plaintiff's other requests for equitable relief should be denied.

Plaintiff has also requested various forms of equitable relief, centering on allowing her to remain on the Property or return to it, since she represents she was evicted.  ECF 24; ECF 26; ECF 28; ECF 37; ECF 42; ECF 46.  As mentioned above, because her substantive claims have been dismissed, her requests for equitable relief must be denied.  *See Voice of the Experienced v. Ardoin*, No. CV 23-331-JWD-SDJ,

22

2024 WL 2142991, at *40 (M.D. La. May 13, 2024) (denying plaintiffs' motion for preliminary injunction because the underlying claims had been dismissed).

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 23) be GRANTED and Plaintiff's claims be DISMISSED WITH PREJUDICE.  The Court also RECOMMENDS that Plaintiff's Motion to Join (ECF 33) be DENIED.  The Court further RECOMMENDS that Plaintiff's Motions for equitable relief (ECF 24; ECF 26; ECF 28; ECF 37; ECF 42; ECF 46) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 08, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

23