United States District Court
Southern District of Texas

**ENTERED**

June 03, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Latasha Whiting, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-5383 |
| | § | |
| NewRez, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending is a report and recommendation by Magistrate Judge Christina A. Bryan, recommending that this case be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. 51. For the reasons set forth below, the Court adopts the report and recommendation as its memorandum and order and DISMISSES the case WITH PREJUDICE.

Defendant, a mortgage servicer, foreclosed on and sold Plaintiff's real property at a foreclosure sale. Doc. 18 at 14, 31–32. The deed of trust named an original trustee and granted an interest to an original beneficiary not before this Court. *Id.* Before the sale, that original beneficiary assigned its interest to a second beneficiary, who is also not before the Court, who in turn appointed substitute trustees. Doc. 23-2. At the foreclosure sale, a buyer purchased the property. Doc. 18 at 31–32.

Plaintiff Latasha Whiting brought claims related to the foreclosure sale in state court, which Defendant subsequently removed to this Court. *See* Doc. 1. Plaintiff has twice since amended her complaint. *See* Docs. 8, 18. The Second Amended Complaint alleges

wrongful foreclosure, violations of the Texas Property Code and the Fair Debt Collection Practices Act, quiet title, declaratory judgment, and injunctive relief. Doc. 18 at 6–7. The Court referred the matter to Magistrate Judge Bryan, who issued the pending report and recommendations. Doc. 51.

Plaintiff objects, arguing that the Second Amended Complaint adequately states her claims and that the report and recommendation erroneously makes factual findings at the Rule 12 stage. Doc. 53. She also argues that she should be permitted to join the foreclosure sale purchaser as an additional defendant. *Id.*

When a party objects to any part of a magistrate judge's disposition, the district court reviews the objection *de novo*. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (*per curiam*). The district court may accept any other portions to which there is no objection if satisfied that no clear error appears on the face of the record. *See Guillory v. PPG Industries Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*)); *see also* Fed. R. Civ. P. 72(b) advisory committee note (1983). A district court need not consider general, frivolous, or conclusory objections to a report and recommendation. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has reviewed the pleadings, the record, the applicable law, and the objections. The Court has also reviewed *de novo* the recommendations of the Magistrate Judge to which Plaintiff objected. The Court finds that the objections lack merit and OVERRULES them. No clear error otherwise appears in the report and recommendation.

The report and recommendation of the Magistrate Judge is adopted as the memorandum and order of this Court. Doc. 51. Defendant's Motion to Dismiss is GRANTED. All other pending motions are DENIED AS MOOT.

This case is DISMISSED WITH PREJUDICE.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 3rd of June, 2026.

_____
Nicholas J. Ganjei
United States District Judge